IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Remanded by Supreme Court May 18, 2005

## STATE OF TENNESSEE v. CHRISTOPHER KIRKENDALL

**Appeal from the Criminal Court for Shelby County**
**No. 02-02068, 69      Chris Craft, Judge**

_____

**No. W2005-01145-CCA-RM-CD  - Filed July 21, 2005**

_____

The defendant, Christopher Kirkendall, was convicted of facilitation of attempted second degree murder and two counts of facilitation of aggravated robbery. On appeal, this court affirmed the convictions but modified the sentences, holding that enhancement factors (3), (10), and (21) were applied in violation of the United States Supreme Court's ruling in Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). The state filed an application for permission to appeal to our supreme court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. The supreme court granted the state's application and remanded the case to this court for reconsideration as a result of its opinion in State v. Edwin Gomez and Jonathan S. Londono, ___S.W.3d ___, No. M2002-01209-SC-R11-CD (Tenn. Apr. 15, 2005). Based upon the Gomez decision, the judgments of the trial court must be affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

W. Mark Ward (on appeal) and Trent Hall (at trial), Assistant Public Defenders, for the appellant, Christopher Kirkendall.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; and Reginald Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The facts underlying the convictions, as summarized in this court's original opinion, are as follows:

On November 27, 2001, David Dickey, a Pizza Hut employee, was directed to 1425 Frayser Boulevard in Memphis to deliver a pizza. When he arrived in his

1999 Ford Contour automobile, the house was unoccupied but three men met him in the driveway. One of the men was armed with a pistol and ordered the victim to the ground. As the armed assailant held a gun to the victim's cheek, the two other men took his wallet, which contained over $300 in cash, a delivery bag containing the pizzas, and his other personal belongings. After emptying the pockets of the victim, the armed assailant, later identified as the defendant, shot the victim in the back of the head. The three men left in the victim's vehicle and the victim, who had not lost consciousness, sought help from a nearby resident who summoned the police. The victim was able to identify the defendant as the gunman from a photographic lineup. Later, at trial, the victim again identified the defendant as the armed assailant.

Officer Kent Workman, who was dispatched to the scene, found that the house at 1425 Frayser Boulevard was vacant. An empty pizza bag was on the bloodstained driveway. Because there was a yard light and a street light, the officer described the area as relatively well lit. Despite his injury, the victim was alert and was able to provide the officer with the details of the incident, including a description of his assailants. The victim also provided a description of his vehicle and license tag number.

Two days later, Patrol Officer Eugene Cicalla observed the victim's car at the 76 Snack Shop on Frayser Boulevard. A juvenile was inside the vehicle and the defendant and another individual were nearby. All three men were arrested.

The defendant did not testify. His sister, Angela Kirkendall, with whom the defendant was living at the time of the trial, testified that the defendant was with her at their residence at the time of the crimes.

Laquita Nisby Kirkendall, the defendant's sister-in-law, testified that "right before dark" on the day of the robbery, she had asked for a pizza for dinner. She claimed that her boyfriend at the time, Joseph Jones, and two other men, identified as Net and Arthur, ordered pizza and then left "on foot," returning about 45 minutes later. She contended that the men were in possession of pizza, money, a wallet, a gun, and a cell phone. Ms. Kirkendall testified that after she later saw an account of the robbery on the news, she contacted Crime Stoppers and identified Jones as a likely participant in the crimes.

State v. Christopher Kirkendall, W2004-00784-CCA-R3-CD (Tenn. Crim. App., at Jackson, Sep. 16, 2004).

This court affirmed the convictions but modified the sentence after concluding that the application of three enhancement factors violated the requirements of Blakely, a United States Supreme Court opinion that called into question the continuing validity of portions of the 1989 Sentencing Act. In that case, the Court, applying the rule in Apprendi v. New Jersey, 566 U.S. 466, 490 (2000), struck down a provision of the Washington sentencing guidelines that permitted a trial

judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. The Court observed that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 2537. Finally, the Court concluded that "every defendant has a right to insist that the prosecutor prove to a jury [beyond a reasonable doubt] all facts legally essential to the punishment." Id. at 2543.

In State v. Edwin Gomez and Jonathan S. Londono, ___ S.W.3d ___, No. M2002-01209-SC-R11-CD, slip op. at 25 (Tenn. April 15, 2005), decided shortly after the filing of our original opinion in this case, a majority of our supreme court held that "[u]nlike the statutes at issue in Blakely and Booker, a judicial finding of an enhancement factor in Tennessee does not affect the range of punishment to which a defendant is exposed." Our supreme court's ruling in Gomez establishes that the defendant is not entitled to any relief from his sentence. Because the defendant made no other challenge to the propriety of his sentence, it is our view that the sentence imposed by the trial court must be affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-